**ATWATER TOWNSHIP BOARD OF TRUSTEES, Appellee,**

v.

**WELLING, Appellant.**

[Cite as *Atwater Twp. Bd. of Trustees v. Welling,* 184 Ohio App.3d 201, 2009-Ohio-4451.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2008–P–0100.

Decided Aug. 28, 2009.

202

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellee.

Frank J. Cimino, for appellant.

———

TIMOTHY P. CANNON, Judge.

{¶ 1} Appellant, Robert J. Welling, appeals the judgment of the Portage County Municipal Court, Ravenna Division, awarding Atwater Township Board of Trustees ("the township") the amount of $600 plus eight percent interest per annum. For the following reasons, we reverse the judgment of the trial court.

{¶ 2} The instant action arises from an incident occurring on October 19, 1999. Welling is the owner of an 83–acre parcel of land located at 1608 State Route 83. Located on this property is a trailer park, which houses approximately 38 trailers and 30 200–gallon tanks used for storing fuel heating oil. Welling testified that on date, he was regrading a mobile home lot when he attempted to move a fuel oil storage tank by placing a chain around it. Welling testified that the fuel oil in the tank had been used during the winter months and, as a result, condensation formed in the tank. As he was attempting to move the tank, he "hit a little bump," the tank tipped out, and "out spilled what was in the tank, which is nothing." However, Welling then testified that a liquid did spill from the tank; the area of the spill was approximately six to eight inches wide by five feet long.

{¶ 3} Thereafter, the township presented the testimony of Melvin Russell, a firefighter [1] with the Atwater Township Fire Department, who is certified in hazmat operations and awareness. In addition to his employment with the fire department, Russell worked for Atlas America, an oil and gas company.

{¶ 4} Russell testified that he, along with two assistant fire chiefs and several personnel, responded to a report of an oil spill at 1608 State Route 83. The vehicles responding to the scene consisted of a fire engine, a heavy rescue vehicle, and an ambulance. Russell testified that the three vehicles were necessary to respond to the oil spill, as the heavy rescue vehicle contained all of the hazmat clean-up equipment and, for safety purposes, an ambulance always accompanies a fire engine.

{¶ 5} Upon arriving at the scene of the incident, Russell observed a "fuel oil tank hanging from a chain off the front end loader of a backhoe." Russell stated that flowing from the fuel oil tank was a liquid that was "light brownish" in color. Russell further testified there was a strong odor of "a petroleum type product" at the scene of the incident and that approximately 100 gallons of a fuel oil product were flowing from the tank into a grassy area of a nearby field.

———

1. At the time of the incident, Melvin Russell was employed as a firefighter with the Atwater Township Fire Department; however, he currently holds the position of the fire chief for the department.

{¶ 6} Following protocol, the fire department dug a 75–foot ditch to prevent the flow of the oil and laid booms, i.e., absorbent rolls used to soak oil. According to Russell's testimony, this process took approximately five hours to complete.

{¶ 7} Welling was presented with an invoice from the township in the amount of $1,700 for the hazardous-material response.

{¶ 8} In January 2007, the township filed a complaint against Welling seeking recovery in the amount of $1,700 for costs incurred in responding to the incident. A bench trial commenced on September 19, 2008. The trial court found in favor of the township in the amount of $600.

{¶ 9} Welling filed an appeal, and this matter is now before this court for consideration of the following assignments of error:

{¶ 10} "[1.] The trial court erred in determining that the standard established by Ohio Revised Code Section 3745.13 allows for the recovery of money based upon necessary and reasonable costs incurred in dealing with the spill.

{¶ 11} "[2.] The trial court erred in determining that the requirements of Ohio Revised Code Section 3745.13 were met in relation to the Township of Atwater establishing through testimony and/or exhibits the 'necessary and reasonable, additional or extraordinary costs it incurred in abating the spill.'

{¶ 12} "[3.] The trial court erred in failing to require the plaintiff, the Township of Atwater, to establish their compliance with Section 5502.26 of the Ohio Revised Code.

{¶ 13} "[4.] The trial court erred in failing to recognize the requirements of Section 3745.13(A) in the very last portion of that first paragraph of the statute requiring that prior to any liability for costs owed to the political subdivision may arise there needs to be a compliance with the criteria and methods for response as prescribed under 40 C.F.R. 300, as amended.

{¶ 14} "[5.] The trial court erred in failing to determine that the balance of the requirements as set forth in Section 3745.13(A) in the second paragraph of said section had been complied with regarding the township keeping a detailed record of the costs for mitigating or abating the unauthorized spill and further certifying those costs to the prosecutor who represented the county.

{¶ 15} "[6.] The trial court erred to the prejudice of the defendant in rendering the decision for the plaintiff and that it failed to meet its burden of proof.

{¶ 16} "[7.] The trial court erred in attempting to assume that the plaintiff had established the appropriate criteria and methods required under 40 C.F.R. 300, as amended as having been established by the township.

{¶ 17} "[8.] The trial court erred to the prejudice of the defendant in its order in disregarding the weight of the evidence provided at trial by the plaintiff and improperly applied the provisions of Section 3745.13."

{¶ 18} As Welling's first, second, sixth, and eighth assignments of error are interrelated, we address them together. Welling asserts that the township failed to present any evidence "establishing the fact that the statutory standard had been met for the recovery of any funds from [him]." Further, Welling maintains that the judgment of the trial court was erroneous, since it misinterpreted R.C. 3745.13, the controlling statute at issue.

{¶ 19} At the outset, we note that the civil manifest-weight-of-the-evidence standard is that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 20} R.C. 3745.13(A)[2] states:

{¶ 21} "When emergency action is required to protect the public health or safety or the environment, any person responsible for causing or allowing an unauthorized spill, release, or discharge of material into or upon the environment * * * is liable to the municipal corporation, county, township, countywide emergency management agency established under section 5502.26 of the Revised Code, regional authority for emergency management established under section 5507.27 of the Revised Code, or emergency management program established by a political subdivision under section 5502.271 of the Revised Code, having territorial jurisdiction, or responsibility for emergency management activities in the location of the spill, release, discharge, or contamination, for the necessary and reasonable, additional or extraordinary costs it incurs in investigating, mitigating, minimizing, removing, or abating the spill, release, discharge, or contamination, in the course of its emergency action, but, to the extent criteria and methods for response actions prescribed under 40 C.F.R. 300, as amended, may be applied to the type of material involved and the conditions of the spill, release, discharge, or contamination, that person is liable for those costs only if the political subdivision, countywide agency, or regional authority employed those criteria and methods in its emergency action.

---

**2.** We recognize that R.C. 3745.13 has been amended since the incident at issue. However, the statute in effect in 1999, at the time of the incident, is substantially similar to the cited statute. Therefore, we cite the most recent version of the statute, effective 7–1–07, for purposes of the instant appeal.

{¶ 22} "The officers of the municipal corporation, county, township, countywide emergency management agency, or regional authority for emergency management performing the emergency action shall keep a detailed record of its costs for investigating, mitigating, minimizing, removing, or abating the unauthorized spill, release, discharge, or contamination; promptly after the completion of those measures, shall certify those costs to the city director of law or village solicitor, as appropriate, of the municipal corporation, the prosecuting attorney of the county in the case of a county, township, or countywide emergency management agency, or the legal counsel retained thereby in the case of a regional authority for emergency management * * *.

{¶ 23} "The legal officer or counsel shall submit a written, itemized claim for the total certified costs incurred by the municipal corporation, county, township, countywide agency, or regional authority for the emergency action to the responsible party and a written demand that those costs be paid to the political subdivision, countywide agency, or regional authority. * * * Moneys recovered as described in this section shall be credited to the appropriate funds of the political subdivision, countywide agency, or regional authority from which moneys were expended in performing the emergency action."

{¶ 24} As outlined in R.C. 3745.13, the individual responsible for causing or allowing the impermissible spill is "liable to the * * * township * * * for the *necessary and reasonable, additional or extraordinary costs* it incurs in investigating, mitigating, minimizing, removing, or abating the spill, release, discharge, or contamination, in the course of its emergency action." (Emphasis added.)

{¶ 25} Welling argues that in rendering its judgment, the trial court misinterpreted the statutory language "necessary and reasonable, additional or extraordinary costs." Specifically, Welling maintains that based on the statute, he is not responsible for the normal, standard operating procedures employed by the township. In addition, Welling asserts that the costs incurred do not conform to the statute, as the township did not "submit an itemized claim for the total *certified costs*." (Emphasis sic.)

{¶ 26} In its October 8, 2008 judgment entry, the trial court stated that "[p]ursuant to the provision of R.C. 3745.13, the department may recover its necessary and reasonable costs incurred in dealing with the situation."

{¶ 27} At trial, Russell testified that the Atwater Fire Department's engine, an ambulance, and a heavy rescue vehicle responded to the incident and stayed on site for approximately five hours. Furthermore, Russell testified that according to protocol, the responders dug a 75–foot ditch to prevent the flow of oil and then laid absorbent pads. Consequently, the township sought recovery for vehicle charges of $100 per hour for the ambulance and heavy rescue vehicle; $150 per hour for the fire engine; and $50 for cell phone usage.

{¶ 28} In a similar case, the Fifth District Court of Appeals reviewed the evidence presented at trial to determine whether it was contrary to the controlling statute, as the appellant challenged the evidence as "insufficient to establish the 'costs' expended by [the] appellee for the environmental spill." *Knox Cty. Local Emergency Planning Commt. v. Santmyer Oil Co.*, 5th Dist. No. 01CA0035, 2002-Ohio-3590, 2002 WL 1465896, at ¶ 7. In *Knox*, the appellant owned a tanker truck that overturned, spilling diesel fuel. The appellee responded to the incident and provided clean-up services. The appellee incurred costs totaling $7,190.64, which included an hourly rate for each vehicle on the scene and an hourly rate for each individual on the scene. The Fifth District Court of Appeals upheld both the vehicle charges and the man-hour charges, stating:

{¶ 29} "[T]here is no evidence in the record to suggest that the per hourly fee is not a *reasonable cost* for the use of the fire equipment (including costs per the guideline for the use of non-reusable equipment i.e., absorbent pads). In addition, the use of Mr. Hatton's vehicle for six hours as a command center, with its two-way radio and two cell phones, at $50.00 per hour for six hours is likewise reasonable and necessary." (Emphasis added.) Id. at ¶ 36.

{¶ 30} As in *Knox*, the record demonstrates that the costs assessed to Welling for the use of the three vehicles were reasonable and necessary. Moreover, the township did not assess any charges for the labor provided on-site. In fact, the trial court assessed Welling only a portion of the $1,700, stating:

{¶ 31} "[R.C. 3745.13] also provides that in making a determination of an award for reimbursement, the responsible party's status as a taxpayer to the governmental entity shall be taken into consideration and that the parties may enter a settlement of the claim.

{¶ 32} "The Court finds that as an owner of property in the township, Welling is a taxpayer and is entitled to the benefits provided by tax-supported services. Therefore, it is appropriate that he be responsible for only a portion of the total cost of the fuel oil clean-up."

{¶ 33} Based on the foregoing, we find that Welling's first, second, sixth, and eighth assignments of error are without merit.

{¶ 34} In his third assignment of error, Welling maintains that the township failed to comply with R.C. 5502.26, which governs the establishment of a countywide emergency-management agency. Welling argues that "[a]t no time during the course of the [t]rial was any evidence presented regarding the creation of the countywide emergency management agency." This argument advocated by Welling is misplaced.

{¶ 35} While R.C. 3745.13(A) refers to R.C. 5502.26, it does not mandate the establishment of such an agency. In fact, the express language of R.C.

3745.13(A) provides for six governmental agencies that have territorial jurisdiction or responsibility for "emergency management activities in the location of the spill, release, discharge, or contamination."

{¶ 36} In the instant case, the Atwater Fire Department provided the on-site services and, as stated in the October 8, 2008 judgment entry, "the action of the fire department was necessary for the safety and well-being of the community." As R.C. 3745.13(A) allows a township to seek recovery, Welling's third assignment of error is without merit.

{¶ 37} Under his fourth and seventh assignments of error, Welling alleges that the trial court failed to comply with R.C. 3745.13(A), as there was no evidence supporting the fire department's compliance with Section 200, Title 40, C.F.R. To support this proposition, Welling cites R.C. 3745.13(A), which provides an authorized party the authority to recover costs with the following limitation:

{¶ 38} "[B]ut, to the extent criteria and methods for response actions prescribed under 40 C.F.R. 300, as amended, may be applied to the type of material involved and the conditions of the spill, release, discharge, or contamination, that person is liable for those costs only if the political subdivision, countywide agency, or regional authority employed those criteria and methods in its emergency action."

{¶ 39} As previously noted, R.C. 3745.13(A) allows a township to seek recovery from the individual responsible for causing or allowing the impermissible spill. Furthermore, a township may seek the "necessary and reasonable, additional or extraordinary costs it incurs in investigating, mitigating, minimizing, removing, or abating the spill, release, discharge, or contamination, in the course of its emergency action." R.C. 3745.13(A).

{¶ 40} In the instant case, however, if the township had sought costs associated with response actions as prescribed in Section 300, Title 40, C.F.R., the "National Oil and Hazardous Substances Pollution Contingency Plan" of the Environmental Protection Agency, then evidence of compliance with those regulations would have been required at trial. Such evidence was not required in the instant case since the township sought recovery of only the vehicles' usage and cellular phone charges. As a result, Welling's fourth and seventh assignments of error are without merit.

{¶ 41} In his fifth assignment of error, Welling maintains that the township failed to properly certify the costs incurred to the prosecutor for purposes of collection, as required in R.C. 3745.13(A). Specifically, the fifth assignment of error claims:

{¶ 42} "The trial court erred in failing to determine that the balance of the requirements as set forth in Section 3745.13(A) in the second paragraph of said

section had been complied with regarding the township keeping a detailed record of the costs for mitigating or abating the unauthorized spill and further certifying those costs to the prosecutor who represented the county."

{¶ 43} The body of Welling's brief contends that there was noncompliance with paragraph three of R.C. 3745.13 for failure to prove that the prosecutor sent the notice required therein. While this argument may have merit, the assignment of error does not claim error in this regard and, therefore, will not be considered by this court. App.R. 12(A) and 16.

{¶ 44} Our review of Welling's fifth assignment of error, therefore, will be limited to the contentions raised in the assignment of error itself, to wit: that the township failed to comply with the requirements of the second paragraph of R.C. 3745.13(A). This paragraph requires the legal entity seeking to recover costs to comply with the following: (1) keep a detailed record of its costs and (2) promptly, after completion of the record of costs, certify those costs (in the case of a township) to the county prosecutor. Obviously, the best practice when seeking to recover costs under this statute is to follow the procedure it dictates.

{¶ 45} The record shows that on March 7, 2000, the township sent Welling an invoice for the amount of $1,700. Thereafter, Welling filed a complaint for declaratory judgment and a complaint for malpractice against Auto–Owners Mutual Insurance Company to recover the monies from the insurance carrier. On April 10, 2002, attorney Frank Cimino wrote a letter to the township stating that Welling filed a civil claim against Auto–Owners and, as part of the damages, sought the monies owed to the township. On July 29, 2003, the township sent a letter to Cimino, Welling's trial counsel, requesting payment of $1,700 by August 31, 2003, or it would "preserve its legal remedies by initiating a civil action after that date." The county prosecutor, on behalf of the township, filed the instant action in January 2007.

{¶ 46} At the start of the trial, counsel for both parties acknowledged a variety of admissions that had been answered during discovery. In these admissions, Welling admitted to virtually the entire case. Welling admitted that he was the owner of the property; that he needed to have the oil tank moved; that he filed suit in case No. 2001 CV 00657, where he alleged at paragraph five that he caused the oil spill; and finally, that he received an itemized bill from the Atwater Township Trustees in the amount of $1,700. Furthermore, this itemized bill was introduced as evidence without objection. However, there does not appear to be any stipulation, or anything else in the record, to establish that the township certified its costs to the county prosecutor or that the prosecutor made the required 30–day demand for payment prior to filing suit.

{¶ 47} A review of the case law reveals an absence of cases addressing this specific issue, which is the certification of the detailed costs by the township. The record is totally devoid of any evidence that could be considered a "certification" by the township of the costs at issue. The statute at issue is very clear; this certification must accompany the itemization of the claimed costs and be forwarded to the prosecutor for further handling. Since the record before us fails to demonstrate compliance with the statute, the township's claims under this statute cannot survive.

{¶ 48} For the reasons stated in the opinion of this court, Welling's fifth assignment of error has merit. It is the judgment and order of this court that the judgment of the Portage County Municipal Court, Ravenna Division, is hereby reversed and judgment entered in favor of appellant.

Judgment reversed.

CYNTHIA WESTCOTT RICE and COLLEEN MARY O'TOOLE, JJ., concur.